THE TRUSTEES OF THE WISCONSIN STATE GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY, Respondent, vs. KNIFFEN and others, Appellants.

*March 5 — April 3, 1895.*

*Voluntary assignment: Discharge: Mortgage: Foreclosure: Judgment for deficiency.*

The discharge of an assignor from his debts, under secs. 1702q, 1702r, S. & B. Ann. Stats., is not a bar to the foreclosure of a mortgage given by him and a sale of the mortgaged premises to satisfy the debt secured thereby; but where the mortgagee is a resident of this state and has proved his claim in the assignment proceedings the discharge is a bar to a personal judgment against the assignor for any deficiency on the foreclosure sale.

APPEAL from a judgment of the circuit court for Monroe county: A. W. NEWMAN, Circuit Judge. *Reversed in part.*

On January 19, 1878, the defendant *LeGrand Kniffen* executed and delivered to the then trustees of the plaintiff his bond in the penal sum of $6,000, conditioned that if the said *LeGrand Kniffen* should well and truly perform and discharge all of the duties pertaining to his office of state pur-

chasing agent of the plaintiff, and should well and truly account for all moneys or other property which should come into his hands as such state purchasing agent, whether received from the said state grange or from any subordinate grange or from any individual member or members of said order, during the term for which he had been elected, and during any subsequent term to which he might thereafter be elected or appointed such state purchasing agent, then said obligation to be void, otherwise in full force and virtue. To secure the performance of the conditions of said bond on his part, the said *LeGrand Kniffen* at the same time executed and delivered to said trustees a mortgage on the lands therein described, which mortgage was recorded April 16, 1878.

From January 19, 1878, to January 2, 1890, the said *Kniffen* was in the employ of the plaintiff as such state purchasing agent, at Milwaukee. On January 2, 1890, he made a voluntary assignment of all his property for the benefit of his creditors to one Edwin Upson, and his schedule of assets thereto attached included a claim of " about $2,500 " against the plaintiff. Said Upson qualified and entered upon his duties as such assignee. On January 28, 1890, the plaintiff filed with said assignee a verified claim for a balance due on account of $3,602.07. On May 1, 1890, the said Upson, as such assignee, commenced an action against the plaintiff to recover the amount of the claim first above mentioned. The plaintiff herein appeared in that action, and answered by way of counterclaim, setting up the same cause of action as alleged in the complaint in this action. On November 6, 1890, the said Upson died, and one Edward Kurtz was appointed assignee in his place and qualified and entered upon the duties of his office. On May 4, 1891, said Kurtz, with leave of the court, filed objections to the claim filed in said proceedings by the plaintiff in this action. On June 24, 1891, a stipulation was entered into in said action of said assignee against the plaintiff herein, to the effect that the

Trustees of the Wisconsin State Grange vs. Kniffen and others.

claim of $3,602.07 filed in said insolvency proceedings by the plaintiff in this action be withdrawn, and that the assignee's claim therein against the plaintiff in this action also be withdrawn; and the several claims and causes of action, respectively, were therein agreed to be paid and satisfied against all parties, except that the plaintiff herein, without prejudice to it and its successors, should have the right to enforce the payment of any notes, mortgages, or other securities in its hands, and held against said *Kniffen* or his property, the same as if such stipulation had never been made. Such proceedings were thereupon had in said insolvency proceedings that January 23, 1892, the circuit court "ordered and adjudged that said *LeGrand Kniffen* be, and he hereby is, discharged from all his debts and liabilities existing at the time he made his said assignment, to wit, on the 2d day of January, A. D. 1890, and from each and every one of said debts and liabilities."

On July 19, 1892, the plaintiff commenced this action to foreclose said bond and mortgage. The complaint is in the usual form, and prayed a personal judgment against the said *LeGrand Kniffen* for any deficiency on the foreclosure sale. The defendant *LeGrand Kniffen* answered said complaint, setting up several of the facts stated, and pleaded said discharge as a bar to any personal liability. At the close of the trial the court found, as matters of fact, among other things, that there was due the plaintiff from the defendant *LeGrand Kniffen*, upon the said bond and mortgage, over and above all legal setoffs, the sum of $3,676.37, and interest thereon from January 2, 1890, amounting to the sum of $4,534.17, and that the plaintiff was entitled to judgment of foreclosure and sale of said mortgaged premises for said last-named sum, together with the sum of $25 solicitor's fees, in addition to the costs of this action to be taxed by the clerk, and judgment was ordered to be entered therein accordingly. The usual judgment was thereupon entered accordingly, and,

Trustees of the Wisconsin State Grange vs. Kniffen and others.

among other things, ordered that in case of deficiency on the report of sale and the confirmation thereof judgment should be rendered therefor against the said *LeGrand Kniffen* personally, and that the plaintiff have execution therefor. From such judgment the defendants appeal.

*Charles S. Carter*, for the appellants.

For the respondent there was a brief by *Morrow & Masters*, and oral argument by *J. M. Morrow*.

CASSODAY, J. *LeGrand Kniffen* was state purchasing agent at Milwaukee for the plaintiff from January 19, 1878, to January 2, 1890. The bond and mortgage here foreclosed were to secure the faithful performance of such agency by *Kniffen*, and for the accounting and paying over of all money and other property coming into his hands as such agent. It appears that the salary of *Kniffen* was fixed from year to year by written agreements, which were from time to time modified and changed; that the salary was ostensibly fixed at $1,500, but was contingent upon his making the agency self-sustaining, allowing a certain per cent. depreciation of fixtures; and at times that, in case of shortage, it should be left optional with the plaintiff to allow the salary out of the excess of gain during previous years; and at times that he should not draw the salary so as to reduce the assets below a certain amount; and at times that, if he failed to make the agency self-sustaining, he should stand the loss to the extent of one half of his salary; and at times that such salary should not be drawn so as to reduce the assets from year to year, but that the deficiency of salary in one season might be made good when warranted by the income of another season.

There appears to have been a good deal of conflict as to the state of the accounts between the respective parties for the years mentioned. It is enough to say that, after careful consideration, we are unable to hold that a preponderance

Trustees of the Wisconsin State Grange vs. Kniffen and others.

of the evidence is against the finding of the court as to the amount due to the plaintiff from *Kniffen.*

The plaintiff is incorporated and organized under the laws. of this state, as indicated in the foregoing statement, and it filed with the assignee in the insolvency proceedings its verified claim for the balance due on account, January 28, 1890. That is the same claim sought to be enforced and collected in this action.    That being so, the order and discharge made and granted by the circuit court to *LeGrand Kniffen* is, under the statute, final and binding upon the plaintiff. Sec. 12, ch. 385, Laws of 1889; sec. 1702*o*, S. & B. Ann. Stats.    The plaintiff being a resident of this state and having proved its claim as indicated, the discharge pleaded constituted a bar to the recovery against *LeGrand Kniffen* personally for or on account of such indebtedness.    Secs. 14, 15, ch. 385, Laws of 1889; secs. 1702*q*, 1702*r*, S. & B. Ann. Stats.    But such discharge was no bar to the foreclosure of the mortgage and a sale of the mortgaged premises to satisfy the debt secured by the mortgage.    *Roberts v. Wood,* 38 Wis. 60.    But such discharge was sufficient to prevent any personal judgment against *LeGrand Kniffen* for any deficiency on such foreclosure sale.    *Ibid.*

*By the Court.*— That part of the judgment holding the defendant *LeGrand Kniffen* personally liable for the deficiency is reversed, and the judgment in all other respects is affirmed, but without costs to either party, except the plaintiff must pay the fees of the clerk of this court.

NEWMAN, J., took no part.